UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Annex Properties, LLC,

       Plaintiff,

v.                                              Civil No. 12-1174 (JNE/JJG)
                                              ORDER

TNS Custom Research, Inc.,

       Defendant.

      Invoking jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011), Annex Properties, LLC, brought this action against TNS Custom Research, Inc., to collect past-due rent. It seeks more than $160,000.  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Observing that Annex Properties did not properly allege its citizenship in its Complaint, the Court grants it an opportunity to file an Amended Complaint.

      Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the party invoking diversity jurisdiction, Annex Properties bears the burden of establishing the citizenship of each party.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

      In its Complaint, Annex Properties alleged that TNS Custom Research "is a corporation incorporated under the laws of the State of Pennsylvania, having its principal place of business in

1

New York, New York." Annex Properties properly alleged that TNS Custom Research is a citizen of Pennsylvania and New York. *See* 28 U.S.C. § 1332(c)(1).

Annex Properties alleged that it "is a limited liability company organized under the laws of the State of Minnesota, having a principal office located in Minneapolis, Minnesota." It also alleged that "[n]one of [its] members are citizens of the State of New York or the State of Pennsylvania." For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships— the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Annex Properties did not allege with specificity the citizenship of its members.

Having failed to allege its citizenship, Annex Properties has not satisfied its burden of alleging diversity jurisdiction. Within eight days of the date of this Order, Annex Properties shall file an Amended Complaint that alleges the citizenship of each party at the time of this

3

action's commencement. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004). If Annex Properties fails to do so, the Court will dismiss this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

    IT IS SO ORDERED.

Dated: May 21, 2012

                                                             s/ Joan N. Ericksen
                                                              JOAN N. ERICKSEN
                                                              United States District Judge